Here ye, here ye, this Honorable Appellate Court for the 2nd Judicial District is now open. The Honorable Anne B. Jorgensen will present. Please be seated. Your Honor, the first case we're going to look at this morning is 2-23-0584. The people of the State of Illinois plaintiff, Appellant G. Terry C. Collins, Defendant Appellee. Our hearing on the case this morning is 2-23. Our hearing on the case this morning is 2-23. Are you both ready to proceed? Okay. When you're ready. Good morning, Your Honors. May it please the Court. Stephanie Lee on behalf of the people. I would just ask this Court to think about this. If this was a joined trial with all four counts and defendant was found guilty on count three and not guilty on count four, this Court would affirm that other than an insufficiency claim based on Jeffers, Powell, Smith, and even Jones. But it isn't. It was two separate trials. It was. And it was two separate trials based on the defendant's motion to sever the count. On which you did not object. The State said that our understanding was that we had to sever if the defendant asked for it, which is exactly what happened. So it wasn't our motion. It was the defendant's motion. And Currier is directly on point for that because Currier is the application of the double jeopardy clause. And to the extent that this stop of provisions would be within the double jeopardy clause, those would be precluded based on Currier as well. Counsel concedes that, in fact, it is lockstep interpretation under the Illinois and the U.S. Constitution. So double jeopardy. Currier's reasoning makes sense. However, absent a majority opinion, the holding of the Supreme Court is viewed as a position that is taken by the justice who concurred on the narrower grounds.  Correct. It's persuasive authority, but it's not binding authority. Well, what I would say to that, Your Honor, is that Parts 1 and 2 of Currier were all agreed to. And that's the double jeopardy piece. So to the extent that, again, collateral estoppel is subsumed into that or sort of a piece of that, that controls. If we were going to look at the equitable portion, Part 3 of that, I believe, even digged up from the Supreme Court, is usually to be followed. But if you look at Jones, which is collateral estoppel, it adopted power. And what Powell said was that the remedy for a defendant in a guilty verdict is to appeal and bring a sufficiency claim. That's the remedy. What the remedy, the State cannot appeal, which means equitable-wise you don't have it fully litigated. Why don't you say that you did not have, the State did not have a full and fair opportunity to litigate, carry, interbreed? Carry or possess? Carry. Oh, that's for the defense briefer. Because I'm dealing with Count 3, which is the State appeal. So the Court dismissed Count 3, which used the word possess. So I do agree that it used the word possess. However, if you think that that is a factual matter for a jury, reasonable minds could disagree on that. And, again, if you had two conflicting verdicts in a single trial when we're required to join them, you would be able to affirm. I know. We don't have that. These were severed. We have to look at these as two separate trials, two separate cases. Correct. So if you look at Powell, which was adopted by Jones, it talked about even when they're acquitted on a predicate, they were allowed to retry the greater. So this would be, that was the second trial as well, and Jones directly adopted Powell in there. And what Powell said is that their remedy, if the jury was irrational, because it's a factual matter. So even if, let's say the jury found guilty, not guilty, it comes up on appeal, the question for the Court would be, is there sufficient evidence? If the State loses and it's an acquittal, we can't appeal that. If the defense loses, that's their protection. If there is a guilty verdict on a general verdict, we are not supposed to speculate at all what that means, because they can do it on any grounds, even irrational ones. Again, the protection against the irrationality is when it comes up, Your Honors would look at the sufficiency piece and overturn if it is. But you're talking about hypotheticals. In our State, the Illinois Supreme Court for decades has held that, in court, the doctrine of collateral estoppel was invocable by the defendant to bar relitigation of what was a decided question. That's People v. Ward, 1978. That's still law. The possession issue was decided. Well, we don't know that, because it was a general verdict. But the fact of the matter is, once killed... What other, what was that issue other than his possession of the weapon? Whether he was a felon. That was stipulated to. And whether he possessed it. But, again, both of those, you can have logically inconsistent verdicts. So, while on the one hand, and again, if you look at what you're talking about as equitable estoppel versus the idea of estoppel as part of the double jeopardy. So part of double jeopardy, Currier is binding. What about the statutory bar in Illinois under Section 304 of the Code of Criminal Procedure? The statutory bar against double jeopardy? Right. And it includes collateral estoppel. The court, the subsection G provides where the trial was terminated by a final order or judgment, even if entered before trial, that required a determination inconsistent with any fact necessary to a conviction in a subsequent prosecution. Right. And then what would happen is, to the extent it's double jeopardy, you'd look at Currier, which is binding because it's lockstep. So if it's the double jeopardy piece, it has to be Currier. If it is the equitable piece, then you're going to have to look at all of the equities. And some of the equities are that the state cannot appeal, that the defendant himself brought this motion. To the extent that the defendant's saying, oh, I have this constitutional dilemma, that's a Hobson's choice. That's just not accurate. There's times where a defendant says, I want to litigate my rights in a motion to suppress. But guess what? That's going to affect my speedy trial. Or I want a speedy trial, but my attorney isn't ready. I have to make those decisions. We make those decisions every day in every court. And, in fact, Jones, a different Jones, the other Jones, says if you plead guilty, you waive all your constitutional rights. So this isn't a question of waiving effective assistance. And, in fact, Utley, which is what's being relied on, is totally distinguishable because in Utley what they did was use the actual name of the offense. That got disclosed to the jury and never redacted. I mean, they implied that even a redaction would have fixed that in Utley. It is not per se in effective assistance not to sever. And the state really wouldn't have had a choice if the defendant asks for it. We couldn't object to that. If the defendant's moving, we'd be hearing a different reason. It wasn't our motion, for sure. It was defense motion, and we said, we believe if the defense asks for that, it has to be done. That was our response. So, you know, again, most of the time this isn't going to necessarily even happen because counts are required to be joined together. We have to compulsory join. So you bring them all together, and if we had all kinds, as I said, if we had all kinds of inconsistent, logically inconsistent verdicts, that would not be a problem. Here it was defendant's own motion. He should not be able to turn around and use that as a sword instead of the shield that it is supposed to be. You know, that's your argument, but you could also argue that he was using it as a shield to prevent the state from having a second opportunity to relitigate the issue of possession. Well, no, because he had no idea the result of the trial. Based on the trial record, if the jury had found him guilty, I don't believe you would find insufficient evidence for that either because reasonable minds can differ. So if the guilty verdict would have been upheld, then he just as easily could have been found guilty. The state couldn't have turned around and said, oh, guess what? Now you can't litigate possession. It would have been a whole new trial on a separate count, which is exactly what the defendant consented to here, separate trials. And so we believe that Currier and also just equitable principles, all of the principles, and Powell as adopted through Jones, where you could have an acquittal on the lesser, the predicate, and still have a guilty verdict on the greater. That's very similar. I mean, this is possession, but the predicate not being found not, and acquittal doesn't mean necessarily innocent either. Neither party, and none of the briefs discussed the fact that the jury began to deliberate early. Should that have any impact on our consideration? The jury sent a note to the court. Yes. And said that they wanted answers to some questions like was the stop lawful? Was there proper cause for the search? Was the defendant Mirandizing? The trial court at that point proposed a note to send back instead of bringing the jury out and doing, and the state just agreed to send the note back with no interrogation of any of the jurors.  I think it was signed by a particular juror, if I remember correctly. But the note said we. Yes. It was mid-trial. Obviously, that's not raised as an error here. However, I do think that it shows, because not only were those the questions showing that they were maybe concerned about the stop, which they shouldn't have been because that was already litigated and the motion to suppress was denied. The court in its note, and later on speaking to juror 119, said you can discuss those issues when you begin deliberations. And those issues were not even. Well, the note not only included those questions, it also asked, and this is where it's important, I think. It asked for a definition of possession. So it said, do you have to own it? Do you have to hold it? Could it be joint? Why didn't you discuss that in your brief? I didn't discuss it because I know that I agree that, for the most part, we don't speculate on the juror's mindset. We don't know. And especially this was in the middle of trial. But I do think it's. I put it up here only because I think it's a glaring error for both the defense and the state not to raise it with the court and say, judge, that's not sufficient. Supreme Court in Runge says it's abuse of discretion standard, but the court has to do some inquiry to make a determination that the jury has not prejudged the case. And that was not done here. Well, I certainly don't think. You can't appeal in acquittal anyway. We can't. No, exactly. So for all those reasons, what it does, though, if you really want to delve into that, is it makes it look like they did exactly what Powell suggests or all of these cases suggest, which is decide this on maybe an improper or unauthorized factor, which the jury is allowed to do. And so, in fact, that actually lends some credence to that idea that maybe they did. But what it also shows is that the word possession can have multiple interpretations. It is, in fact, an issue of fact for the jury, which is why one jury might find it and another might not. And that would be okay if it was the same jury. And here it actually also would be okay if it was part of a predicate, as I said in Powell, where it was a second trial. But here it was the defendant's own motion. He should not be able to turn around and, you know, use that as a sword to preclude the very trials that he consented to. And, again, if it's collateral estoppel as a piece of double jeopardy, then Courier is absolutely binding, 100 percent, because we are lockstep. Are you familiar with Iowa v. Butler? Oh, no, I don't. It's a Supreme Court case from Iowa. It's persuasive only, but it's basically the same facts as here. And the court said the defendant loses on the double jeopardy claim but wins on the collateral estoppel claim. And the issue was possession. Okay, and a motion to sever or a retrial? Motion to sever. I don't recall that in either brief, obviously. The defendant moved to sever. He was found not guilty of possession. He then filed a motion to dismiss on double jeopardy and collateral estoppel grounds. The trial court granted the motion. The Supreme Court affirmed. The defendant waived the double jeopardy claim but not the collateral estoppel claim, and he won on appeal. And what year was that? Because I think that was before.  Okay, so right before Courier. It was before Courier. Before Courier, but the Supreme Court, the United States Supreme Court, before Courier had accepted collateral estoppel as part of. Right, but as part of, that's what Courier changed. So it is no longer a part of after Courier. Otherwise, it would have to be Jones, and then Jones incorporates Powell. Questions? You will have an opportunity for a rebuttal. Counsel, are you ready? Yes. You may proceed then. Good morning, Your Honors. Counsel. You may please support. My name is Zachary Wallace from the Office of the State Appellate Defender, and I'm here on behalf of the appellee, Terry Collins. In this case, the State raises two arguments. The first argument is that we can't know what the first jury determined in returning the not guilty verdict at the first trial, and the second is that Courier v. Virginia is dispositive of this case. I'll begin by briefly addressing the State's first argument. Your Honors, in this case. Why didn't the defense submit a special interrogatory? Your Honor, in this case, there were two elements before the jury, and it was whether the defendant was a felon and whether he possessed a gun. Everybody stipulated, told the jury it was not an issue nonetheless. No special interrogatory. Well, Your Honors, certainly before, prior to the jury returning the verdict, defense counsel isn't going to know that the jury will acquit in this case, and it's not, it's certainly not required that you submit a special interrogatory. And here, in closing argument, defense counsel does concede that the State's proven this element, that he's been a felon. In both parties, it's directed to jury. The only issue here, the only thing you need to decide is whether he possessed this gun. So while counsel did not submit a special interrogatory here, it's clear that a rational jury, the only issue they could have grounded this verdict on, a rational jury, that is, would be that Collins did not possess the gun, as that was the only issue for the jury to decide. Particularly where, even the State instructed at closing argument, the only thing that matters in this case for you to decide is whether or not this defendant. But the judge then immediately told the jury that argument is not evidence, and you are to decide this case based only on the evidence presented, which was a single document that said this is a prior conviction. Correct. Which they were free to either accept or not. Correct? Correct. Okay. But when you're, the court's also held, particularly for collateral or stop, when determining what a jury decided or when attempting to ascertain that, the inquiry is a rational jury. What would a rational jury do? And we, presumably, as the Wharton case says, we presume the jury did not engage in mental gymnastics to reach the verdict. And here, where the parties … Do you have evidence that the jury was considering issues that they should not have been? No, no, no. There was evidence, yes. There was questions of the motion to suppress and, or not motion to suppress, but the ability of the stop. The court should have instructed the jury, number one, you shouldn't be deliberating early. Secondly, those issues are not for you. You're to consider all the evidence that has been introduced. Correct, Your Honor. And the court didn't do that. So we have a jury that, on its face, acted irrationally. Correct, although at the jury instructions, after closing an argument does instruct the jury on this is what's at issue, the state, the issue's instruction, what the state would have to prove to find this offense. And while you're correct, the court instructs the jury that argument is not evidence. It's still notable that at the argument that both parties did frame this as the only issue you're deciding is the possession. That's the only thing you need to consider. I believe the state, even in the closing argument, does reference that the validity of the stop is not at issue. What's at issue here is did he possess the gun. And conducting this analysis of looking at the record and deciding if there's any basis that a rational jury could have decided this on, I think it becomes clear that the only basis that could be would be that he did not possess his handgun. And that's what the trial court below had found in finding that this issue was clearly a stop. And it would have been, in fact, fundamentally unfair to hold otherwise, as such a ruling would force Collins to run the gauntlet a second time and allow the state a second bite at the apple to see if it could get a conviction before a second jury of Collins-Pierce. And forcing Collins to put his liberty at risk again on an issue that a jury of his peers has already decided in his favor is antithetical to the double jeopardy clause. And even in the State v. Butler case that Your Honor referenced from Iowa, I believe in that case they note that one of the considerations was that it would violate fundamental fairness, the notion that because he agrees to severance, you know, he's now also agreed to essentially the manner in which the trial is conducted and has waived all issue preclusive and collateral stopper principles. And then turning to the State's second argument, this Court should still affirm the trial court's ruling as couriers not dispositive of this case. And first, I think it's important to note that the Court's holding a courier, not the plurality, but the majority's holding a courier is that when a defendant agrees to severance, he necessarily consents to a second trial. The defendant then cannot invoke double jeopardy to foreclose or to preclude a second trial altogether. But a courier does not preclude or invalidate the collateral stopper doctrine as it's been utilized by Illinois courts. Even pre-Ash, the collateral stopper doctrine is more frequently invoked in civil cases. It's largely a civil doctrine. And the Illinois Supreme Court has utilized this in civil cases as far back as 1901. But in 1963, our Supreme Court in Harran noted that while it's more frequently invoked in civil cases, there's no doubt that the collateral stopper doctrine applies equally in criminal cases. And what this Court did in Harran is particularly notable because there, the defendant was acquitted at a first trial of, it was 1963, I believe the charge was rape, and he went to a second trial on crimes against nature. And there, the Court in Harran explicitly says it's not double jeopardy. A state can proceed to the second trial on crimes against nature. But what the state cannot do is re-litigate the issue that was decided in the defendant's favor at the first trial, which was whether he had an act of intercourse with the victim. And there, the Harran case is relying on this collateral stopper doctrine. And since Harran, that doctrine has been used by Illinois courts consistently. And even a notice of Supreme Court case from around that time would be People v. Olerich. And in that case, the Court does not ultimately preclude the re-litigation of an issue there, but the Court does not have any qualms about the applicability of this doctrine in criminal cases. And that's the important thing to note with the collateral stopper doctrine, is that it is a separate and distinct right from the right against multiple trials in the double jeopardy clause. And that's to say that collateral stopper deals with the issue preclusive, effective, and will. It's more of essentially almost an equitable doctrine, but what it is is that the state cannot re-litigate issues that have already been decided in the defendant's favor, whereas double jeopardy works to secure your right against multiple trials. So to the extent that Currier says, if you consent, if you agree to severance, you've consented to a subsequent trial, it's not inconsistent to then say, well, collateral estoppel bars the re-litigation of this issue that's been decided. It's not an inconsistent position for even interpreting, even taking Currier as saying, if you agree to severance, you've consented to a multiple trial, a second trial. It's not inconsistent to have the position of, okay, I've consented to this subsequent trial, but I have not waived all collateral estoppel doctrines that exist, and I haven't waived the issue preclusive effect of the acquittal. So in this case, applying the collateral estoppel doctrine effectively results in the bar of a second trial. Without re-litigating this issue, there's no way the state could obtain a conviction in this subsequent case. What about people versus Staple that the state argues in their brief? Well, the state cites several cases. Staple, the defendant, was charged both with felony DUI and also with a misdemeanor DUI. He went in and pled guilty to the misdemeanor DUI and then filed a motion to dismiss the felony. Well, initially, that case is distinguishable because there you're dealing with a situation where, rather than the defendant going to trial and a jury of his peers resolving this issue and saying, no, we don't believe you committed this act, you have the defendant saying he's pleading guilty to the misdemeanor DUI. And absent any agreement with the state as part of this plea agreement that, you know, if I'll plead guilty to misdemeanor, you'll dismiss the felony, the defendant there that does deal more with kind of a sword versus a shield scenario there where you plead guilty absent this agreement to a misdemeanor. You can't then invoke your guilty plea to preclude the felony trial, particularly where it doesn't deal with an acquittal either. It deals with the finding of guilt. And that kind of takes me to a few of the other cases the state referenced in their brief and discussed at argument regarding inconsistent verdicts. And they discussed Powell significantly. But what Powell deals with is the defendant was acquitted of certain charges where the acquittal of those charges would be inconsistent with other charges he was found guilty on. And there the defendant asks to vacate these other convictions on the grounds that they're inconsistent. So Powell and these inconsistent verdict cases deal with the proposition, and no other courts have adopted it. You can't challenge a verdict solely on the grounds that it's inconsistent. But that's not really an issue here and not particularly relevant to this case. And then regarding the second ground that was discussed in the brief, Courier also to the extent this court found that Courier did impact the state doctrine of clairo or estoppel, there's no need to make it clear it's distinguishable from the instant case on its facts. The Courier court does recognize, and particularly Justice Kennedy in the concurring clarifies this further, that it would not find waiver in a case where a defendant is forced to give up one constitutional right to secure another. And in Courier, the defense argues that, you know, you invoke severance because you're trying to secure your right to a fair trial. Well, the court rejects that as a Hobson's choice because the court notes that you can. It does permit you to try this together. It's not necessarily a violation of the right to a fair trial to conduct these charges. But in Illinois, there is a little wrinkle to that because here not only the defendant has the right to a fair trial, but Illinois courts have found, and it's not per se, but courts have found that absent a reasonable strategic choice, it can be an effective assistance to not sever charges, particularly where there's nothing to gain by not severing charges. In this case, implying that logic here, it would be reasonable to say that counsel would be ineffective had he not severed. There would be no reason to not sever. The other charges don't require the jury to know of defendant's felon status. And the only plausible strategic purpose to not sever in this case would be if you accept the state's argument that if you sever, you've now not only waived double jeopardy protections, but you've also waived collateral estoppel issue preclusion. You've waived all of these rights. But absent that, it would not be reasonable to fail to sever. And even the statement's brief acknowledges that because the state says, well, counsel here was effective because he severed charges. But that statement illustrates the problem here is that if you adopt Courier and you take Courier as foreclosing collateral estoppel and double jeopardy, both of these rights, then you put defendants like Collins in this untenable position of being faced with either foregoing having these charges severed and, you know, protecting himself from the jury hearing this prejudicial evidence when it's entirely irrelevant to the other charges, or he severs these charges. And then if he's acquitted and it's clear, as in this case, that the jury rejected this exact possession issue, he subjects himself to however many trials subsequent to that where the state can continually attempt to get a conviction on this, and his liberty is at stake every time. So, therefore, this question of trying to convince the case is also distinguishable from Courier. If this Court has no other questions. Okay. We would just ask that for the reasons discussed, this Court affirm the trial court's order dismissing the severed reference. Thank you. Thank you. The note that Your Honor had asked about, the note that the jury said is on C-83 and the response that was sent was on C-85. What the Court said, it did say it's inappropriate for you to be considering those issues, these issues, prior to the conclusion of the evidence and prior to receiving instructions on the law. Deliberations do not begin until after the instructions have been read and you have been excused from this courtroom to begin deliberations. So they were told not to continue to deliberate. Yes, I realize. There was no inquiry was made of the jurors. No, I think there was some discussion with that particular juror is my recollection. I think basically the Court just told him again, consider those issues when you begin to deliberate. Well, he was concerned that he had done something wrong is my recollection, and then the Court said, no, you can't be deliberating.  But the counsel is saying that they can't challenge solely on the basis that it's inconsistent, but that is essentially what they're trying to do here. That is the very nature of a sword versus a shield. They're saying, you know, that rational, the only rational explanation. Well, we have all these cases that says the jury doesn't actually have to be rational. So when they, in fact, decide to sever and made that decision, they were giving up many rights. They're giving up the right to the speedy on that other charge that's now going to be severed. They are so, but the state, again, cannot appeal. So if collateral estoppel, which is an equitable principle, is going to apply, then it would have to apply equally to the state. And the state would get to come in and say, you were found guilty of possession. Now you don't get to relitigate that. And I don't, it's equitable. It's both parties. It's all the parties. And if you look at Courier 510, I believe it is, they talk about the civil estoppel and double jeopardy and all of these things. They're different purposes and different principles. And in criminal cases, there's more than just judicial economy. There's also public safety. There's victims, whether that was the case here. But basically your argument is that this is just not fair to the state because you couldn't appeal. And you can't come in on the second trial and say, if he had been convicted at the first trial, you can't use that possession element and say, well, it's already been decided once, so all we're here to do would be, like, to decide whether or not he was eligible for a FOIC card. Is that the gist of your argument? Well, the gist of my argument, I mean, yes, it's not fair to the people, the people as a whole, the public safety, the citizens of this state. However, sometimes direct victims, depending on the case, obviously. But the point is it's not, it wasn't fully litigated because we can't appeal. That's one thing. The other thing is we don't know what the jury decided because even, again, even from their note, you can see that they, is there constructive possession? Is there possession, ownership possession? So they were looking at possession, which is an issue of fact, and they were allowed to find inconsistently. When the defendant made a motion and asked for these to be severed and was granted that motion, double jeopardy absolutely can't turn around. Equitable estoppel, if you're looking at equitable, does include equity for both parties also. Also, the purposes behind it is that, you know, not subjecting the defendant. What Powell points out is that the defendant, should the verdict have come back on the second trial as guilty, and he thought there was insufficient evidence, he would have that right to come and appeal that verdict. And your honors would have to look at that and see is there sufficient evidence here. I asked earlier about the statute, Section 3-4. That provides that a second prosecution is not barred within the meaning of Section 3-4. If the former prosecution was before a court that lacked jurisdiction or was procured by a defendant without the knowledge of the proper prosecuting officer and with the purpose of awarding the sentence or otherwise that otherwise might be imposed. And Staple is, you know, that issue is really not discussed in Staple. But here, the State had knowledge. The State agreed to the severance. Well, I don't know that the State had any choice to not agree to the severance. However, yes, when the trial was taking place, if no legal doubt. The State is not going to, could have asked the defendant to waive collateral estoppel in the event that there's an acquittal. The State could have done that. The court could have advised the defendant, you understand, by moving to sever, you're waiving any challenge to another trial, even in the event of an acquittal. Well, the defendant doesn't normally ask the State if they understand that they'll be waiving collateral estoppel. The problem is that any opinion here that you put out saying that this applies in this situation, the State can turn around and use it as well. And you're going to also have a lot more objections to severances. It's going to have those kinds of consequences because it is designed to be for a certain purpose, which is not, you know, unfairly subjecting it to two trials. When you consent to two trials, nobody knew the outcome of the trial. So the State has knowledge after the fact, absolutely, we lost that trial. But, again, as a practical matter, why would it make a difference if we were able to uphold both verdicts if they had been tried together? And especially when we had no option. We don't have an option to say, no, you can't sever. So you think that by moving to sever, that's an exception to the statutory requirement or what you'd have to show. That's an exception, just like courier. Yes, when you're making a motion to sever, you're asking that court to do that, and by doing so, you are, in fact, consenting to multiple trials. When you do that, you understand that the first trial is going to go, that's going to make your second trial less speedy. You understand those things. There are other ways you certainly could have done it. The defendant here chose to sever, and by doing so, consented. And for that reason, unless there's any other questions, we would just ask this court to reinstate count three. Any additional questions? Thank you both very much for your arguments this morning. We will be in recess until 930 for the second case. All rise.